UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-14102-CIV-MIDDLEBROOKS/Lynch

MAVERICK BOAT COMPANY, INC.,

    Plaintiff,

vs.

AMERICAN MARINE HOLDINGS, INC.,

    Defendant.
_____/

FILED by ___ S ___

JUN 12 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.

## ORDER ON MOTION TO QUANTIFY ATTORNEYS' FEES ON APPEAL

THIS CAUSE comes before the Court on Defendant American Marine Holdings, Inc.'s Motion to Quantify the Eleventh Circuit's Award of Attorneys' Fees on Appeal **[DE #154]** and on the Eleventh Circuit's order dated October 31, 2005 [DE #153].

### Background

Plaintiff Maverick Boat Company ("Maverick") sued Defendants American Marine Holdings, Inc. ("AMH") and Blazer Boats, Inc. for infringement of Maverick's original hull design under the Vessel Hull Design Protection Act ("VHDPA") and for trade dress infringement. AMH brought a counterclaim seeking to cancellation of Maverick's hull design registrations. AMH and Blazer also brought counterclaims for false advertising, product disparagement, unfair competition, defamation, and unfair trade practices. Following a bench trial, this Court entered judgment against Maverick on its VHDPA and trade dress claims and entered judgment in favor of the Defendants on their claims for cancellation of Maverick's design registrations. This Court also held that Blazer and AMH would take nothing on their

1



other counterclaims of false advertising, product disparagement, unfair competition, defamation, and unfair trade practices. Finally, the Court awarded attorneys' fees to AMH and Blazer for the efforts of opposing Maverick's claims, but denied attorneys' fees for work done on the Defendants' unsuccessful counterclaims.

Maverick appealed the Court's judgment on the VHDPA and registration claims. AMH and Blazer cross-appealed the denial of their unsuccessful counterclaims. The Eleventh Circuit affirmed this Court on all grounds. AMH then asked the Eleventh Circuit to award attorneys fees for work covering the appeals. The Eleventh Circuit granted AMH's motion in part, finding that AMH was entitled to a reasonable fee for defending against Maverick's appeal but not for "any other aspects of the appeal." In other words, AMH is not entitled to fees for work on its cross-appeal. The Eleventh Circuit then transferred AMH's fee application to this Court to determine the amount of fees to be awarded for defending against Maverick's appeal. [DE #153].

**Claimed Fees**

AMH requests a total of $142,551.94 in attorneys' fees. Like its previous fees application for the trial phase, AMH's request represents work from two law firms: Nelson Hesse, LLP ("Nelson") and McDermott, Will & Emery ("McDermott"). AMH has submitted affidavits from F. Steven Herb of Nelson and Robert W. Zelnick ("Zelnick") from McDermott, each with invoices detailing the dates, hours, and descriptions of their respective firms' work on the appeal. Recognizing that it is not entitled to fees for work on its cross-appeal, AMH represents that it has redacted all billing entries for time spent solely on the cross-appeal issues. AMH further recognizes that some of the billing entries for oral argument preparation represent "mixed" time spent on both VHDPA issues and the cross-appeal issues. AMH suggests that the Court reduce

2

the fees for oral argument by applying the same technique I used in awarding fees for the trial phase. In my trial phase calculation, I reasoned that approximately 20% of the combined pleadings, motions, arguments, and submissions were directed towards the unsuccessful counterclaims and reduced the fees application accordingly. AMH argues that the relative time spent on each issue at oral argument and in the Eleventh Circuit's opinion supports applying a similar 20% reduction to fees for oral argument.

Maverick concedes that the per hour rates charged by AMH's attorneys are reasonable but contests the number of hours claimed on two grounds. First Maverick argues that McDermott focused only the cross-appeal issues while Nelson addressed the VHDPA issues. Thus, rather than apply an across-the-board reduction of 20% for the oral argument fees, Maverick argues that McDermott's fees should be excluded entirely. In support of this argument, Maverick points to entries in McDermott's bills indicating research on the cross-appeal issues. Maverick also submits an affidavit from its General Counsel, Susan Blaxill-Deal, stating that McDermott attorney Zelnick only presented oral argument on the cross-appeal issues. AMH replies that Blaxill-Deal's affidavit is "flatly untrue." AMH claims that Zelnick was the only attorney who argued for AMH and that he argued both the VHDPA and cross-appeal issues. AMH points to the Eleventh Circuit docket listing only Zelnick as appearing for AMH and submits three affidavits by its own attorneys contradicting Blaxill-Deal's affidavit.

Alternatively, Maverick argues that the hours expended by AMH's attorneys were "redundant" and excessive. Maverick points out that AMH seeks $142, 551.94 for the appeal, approximately one-third of the amount it received for the entire two-year trial phase. Maverick also argues that AMH's attorney should have already been well-familiar with the issues presented

3

on appeal after having argued them in this Court during the trial phase.

**Discussion**

The starting point for determining a reasonable fee is the lodestar: the number of hours reasonably expended on litigation multiplied by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983). Fee applicants must exercise "billing judgment." *Id.*, 461 U.S. at 434. To exercise billing judgment, attorneys "must exclude excessive, redundant, or otherwise unnecessary" hours. *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The fee applicant bears the burden of documenting the hours spent on different tasks with particularity. *See Hensley*, 461 U.S. at 437. However, any corresponding objections to hours spent must be similarly precise. *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)).

As described above, Maverick does not object to the hourly rates charged by AMH's attorneys. The sole disputes are over how to distinguish hours spent on VHDPA issues from those spent on cross-appeal issues and the overall reasonableness of the number of hours claimed. After reviewing the billing records and parties' submitted affidavits, I find that Maverick's assertion that McDermott worked only the cross-appeal issues lacks merit. Blaxill-Deal's affidavit asserts that McDermott attorney Zelnick only presented oral argument on the cross-appeal issues.[1] This recollection clashes with the sworn assertions of three AMH attorneys,

---

[1] After AMH attorneys contacted Maverick insisting that Blaxill-Deal's recollection was mistaken, she submitted a "supplemental declaration" reiterating that "[i]t is still my recollection that Mr. Zelnick presented oral argument for AMH only on AMH's cross-appeal concerning business law issues and that his argument did not address Maverick's appeal concerning VHDPA issues."

4

including Zelnick himself. The Eleventh Circuit docket does not indicate any attorney arguing for AMH other than Zelnick; nor does Blaxill-Deal suggest that any other attorney argued for AMH. Therefore, either AMH did not present any oral argument on the VHDPA or Blaxill-Deal is mistaken. Given that the Eleventh Circuit devoted the vast majority of its order to the VHDPA issues, and that AMH devoted the majority of one of its briefs to the VHDPA issues, the conclusion that AMH presented no oral argument on the VHDPA issues is rather suspect.

Furthermore, Maverick's argument based on McDermott's billing records is unconvincing. It is true that McDermott billing records contain specific entries regarding research of the cross-appeal issues, mostly by associate Sarah Brown, without specific reference to research on the VHDPA issues. However, a closer review of McDermott's records suggests that rather than divide their responsibilities along topical lines (i.e. McDermott handling cross-appeal issues and Nelson handling VHDPA issues), the firms split their work on functional lines, with Nelson having primary responsibility for writing the briefs and McDermott presenting the oral argument. The vast bulk of Nelson's billing entries occur from April through June 2004 for brief research and writing. During this period, McDermott's records contain relatively smaller entries, mostly by Zelnick for "reviewing and revising" the brief. By contrast, the bulk of McDermott's entries occur in December 2004 and January 2005 for preparing oral argument. Nelson's records for that period contain only a few entries for preparing oral argument. These records support the conclusion that while the firms worked together on preparing both the briefs and the oral argument, McDermott was primarily responsible for the oral argument.

AMH's briefs also belie the assertion that McDermott had primary responsibility for the cross-appeal issues. AMH submitted two briefs. The first, a sixty-page brief filed on June 7,

2004 addressed both VHDPA and cross-appeal arguments and was signed by both Zelnick and Nelson attorney Frederick J. Elbrecht. The second brief, filed July 28, 2004, addressed only the cross-appeal issues and was signed only by Elbrecht. Both the briefs and records are consistent with the conclusion that Zelnick presented oral argument for AMH on all issues, not just the cross-appeal issues. Therefore, it is not appropriate to strike all of McDermott's fees from the application.

Given that both firms apparently mixed efforts on both the VHDPA and cross-appeal issues, AMH's suggested approach of reducing the fee application by a percentage is reasonable. Furthermore, given the relative time spent on each set of issues in the parties' briefs and the Eleventh Circuit's opinion, it is reasonable to use the same 80%/20% split I used during the trial phase. The Eleventh Circuit's eleven-and-a-half page decision contains only four lines on the cross-appeal issues, affirming this Court's decisions without discussion. This lack of discussion suggests that the oral argument would have focused almost exclusively on the VHDPA issues. In AMH's first brief, filed on June 7, AMH dedicates only eleven out of forty-three pages in the main discussion section to the cross-appeal issues.[2]

However, the Court cannot accept AMH's proposed award amount entirely. First, based on her billing descriptions, it appears that most, if not all, of McDermott associate Sarah Brown's hours were spent addressing the cross-appeal issues. The 20% cross-appeal assumption applies only to billing entries with descriptions too general to assign to one category or the other. Of Ms. Brown's fourteen entries, nine explicitly involve research on the cross-appeal issues. These nine

---

[2]While the second brief consists entirely of cross-appeal issues, it appears that the hours spent on that brief have been redacted from the bills submitted.

entries include all of the largest blocks of time billed by Ms. Brown, and they suggest that even her more general entries of "reviewing case law" or "outlining issues in preparation for oral argument" were mostly focused on the cross-appeal.[3] At least some of Ms. Brown's time should be redacted as focusing on the cross-appeal. Therefore, the Court will deduct $8,640.00 from AMH's request, representing 32 hours of time billed by Ms. Brown at her hourly rate of $270.00. The rest of Ms. Brown's time will be subject to the 20% assumption.

Second, AMH suggests that the 20% reduction should apply only to time dedicated to preparing and delivering oral argument. However, three entries in Nelson's records indicate work on both AMH's response brief and cross-appeal brief in June 2004. The Court will deduct $562.50, representing 20% of these three entries. Similarly, Zelnick's time spent reviewing and revising AMH's brief in May and June 2004 probably included at least some work on the cross-appeal issues. Zelnick's descriptions for this period do not specify which issues he worked on and suggest that he was reviewing AMH's first brief in its entirety. Because that brief addressed both VHDPA issues and cross-appeal issues, the 20% reduction should apply to these hours as well. Thus, the Court will deduct $4,677.25, representing 20% of McDermott's fees for May and June 2004.

After accounting for the above deductions, and applying the 20% reduction to the rest of the firms' work on oral argument, AMH should receive $57,684.00 for McDermott's oral argument work and $18,709.00 for McDermott's brief work in May and June 2004. AMH should also receive $6,474.64 for Nelson's oral argument work and $47,599.65 for Nelson's brief work. Thus, the total

---

[3]At least one entry, for December 23, 2004, indicates that Ms. Brown spent some time researching the award of attorney's fees, which was part of Maverick's appeal. Thus, the Court cannot assume that all of Ms. Brown's time concerned the cross-appeal.

attorney's fees award should be $130,467.29.

Maverick's second objection to the fee request is that hours were excessive and redundant. First, while Maverick reacts generally to application's size, comparing it to the award from the trial phase, Maverick does not present its objections with the requisite specificity. It does not state which of the hours or activities are redundant or excessive. Second, while the fee award calculated above is significant, the Court is not convinced that the award is excessive given the novel issues involved in this case. While AMH's attorneys were undoubtedly familiar with the issues involved from the trial phase, it is not unreasonable to think that an appeal of a case of first impression–indeed the first under the VHDPA in any court–would require extensive work, beyond that of a normal appeal. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant American Marine Holdings, Inc.'s Motion to Quantify The Eleventh Circuit's Award of Attorneys' Fees on Appeal **[DE #154]** is **GRANTED IN PART**. Maverick shall pay AMH **$130,467.29** for attorneys' fees. The Clerk of the Court shall **CLOSE** this case.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this /2 day of June 2006.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record